DECISION AND JUDGMENT ENTRY
This is an appeal from a decision of the Toledo Municipal Court, Small Claims Division, that Rossie Associates, Inc. ("Rossie") owes $2,329.92 to FloraLandscape, Inc. ("FloraLandscape"), for landscaping work performed. Because we conclude that the decision of the trial court is not against the manifest weight of the evidence, we affirm the ruling of the trial court.
Rossie has presented one assignment of error for consideration on appeal. The sole assignment of error reads:
 "The Lower Court Erred in Granting Floralandscape a Judgment against Rossi on an Account for the Reason that Floralandscape Failed to Prove that Rossi was in Breach of Contract; The Judgment is Against the Manifest Weight of the Evidence."
In support of its sole assignment of error Rossie argues that the magistrate, and then the trial court in the Toledo Municipal Court, Small Claims Division, ruled against the manifest weight of the evidence when they held that Rossie owes FloraLandscape $2,284 for landscaping work. Rossie says there was no competent, credible evidence to show that FloraLandscape was entitled to any additional payment for work performed.
The Supreme Court of Ohio has explained:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks supra, at 1594.
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. * * *" State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Keeping this standard of review in mind, we have reviewed the record and the arguments of the parties on appeal.
The record shows that the two parties have worked together on several projects over a period of years. Rossi is an architectural firm, and it has often hired FloraLandscape to perform the landscaping portion of projects. Rossi placed a bid with the city of Toledo to design portions of Navarre Park in Toledo, Ohio. Rossi hired FloraLandscape to do the actual landscaping work. Both parties agree that the contract called for FloraLandscape to be paid a total of $12,400. Both parties also agree that amount has been paid in full.
The dispute between the parties that led to this case relates to whether there was an alteration to the original contract that called for more work to be done by FloraLandscape for an additional $2,284. The magistrate heard testimony from two witnesses called by FloraLandscape on that issue.
The first witness was the comptroller for FloraLandscape. He testified that additional work had been reported by the landscaper on the project for Rossi and that he had billed Rossi $2,284 for that work, but Rossi refused to pay the additional fee.
The second witness was the landscaper employed by FloraLandscape. He testified that while he was working on the master plan and design components for Navarre Park, the city of Toledo changed the scope of the work and asked him to provide extra services that were not included in his original estimate to Rossi for the job. He said that a mutual agreement was reached between himself and Rossi to provide the extra services requested by the city of Toledo. An exhibit showing the additional work and the fees for the work that had been prepared by the landscaper was admitted without objection.
The landscaper also said Rossi tried to help FloraLandscape collect additional payment from the city of Toledo for the extra work done. Rossi did not object to the admission of an exhibit which was a letter sent by Rossi to the city of Toledo seeking additional payment for FloraLandscape in the amount of $2,128. The landscaper testified that he did do additional work, that he did it in a timely, workmanlike manner and that the work met industry standards.
The representative that appeared on behalf of Rossi initially began to cross-examine the landscaper on his testimony that an addendum for additional work had been mutually agreed to before the additional work was done. However, the magistrate halted the cross-examination after learning that Rossi is a corporation, because a local court rule requires that corporations be represented by a licensed attorney in small claims court and the representative who appeared was not a licensed attorney. The representative was permitted to make a statement of evidence for the record, and to submit exhibits.
Rossi's representative stated that there was no agreement for additional work beyond the scope of the original contract. He also stated that in fact no additional work was ever done by FloraLandscape. He said that FloraLandscape made a mistake about the location of a parking lot, and his firm had to redo landscaping work FloraLandscape was obligated to perform. He said Rossi did not owe FloraLandscape any additional compensation.
After hearing the evidence from both parties, the magistrate made a credibility determination and concluded that the landscaper's testimony that an addendum to the original contract had been reached was true. The magistrate therefore ruled in favor of FloraLandscape and ordered Rossi to pay the additional fees. When Rossi filed objections to the magistrate's decision, the trial court reviewed the evidence and concluded that the written exhibit offered by FloraLandscape showing the landscaper's list of additional work and the associated fees, coupled with the letter from Rossi to the city of Toledo supporting FloraLandscape's claim for additional payment was some competent, credible evidence to support the magistrate's ruling. The trial court further noted that the magistrate was in the best position to determine credibility of witnesses, because the magistrate heard the testimony and observed the demeanor of the witnesses. The trial court therefore overruled the objections to the magistrate's decision.
Likewise, this court will not reverse credibility determinations of the magistrate on appeal. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. The magistrate believed the testimony of the landscaper that an addendum to the original contract had been reached by mutual assent of Rossi and FloraLandscape. While the landscaper's testimony was disputed by the representative for Rossi, the magistrate was in the best position to determine the credibility of the witnesses. Furthermore, the exhibits offered by FloraLandscape can be construed as some competent, credible evidence to support the ruling of the magistrate and the trial court that an addendum was made and that Rossi owes FloraLandscape $2,284. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, unreported. Accordingly, we find the sole assignment of error not well-taken.
The judgment of the Toledo Municipal Court, Small Claims Division, is affirmed. Rossi is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.